# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | 2:18-cr-00022 |
|  | ) |  |
| v. | ) | Chief Judge Mark R. Hornak |
|  | ) |  |
| DEVON HORNE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

**Mark R. Hornak, Chief United States District Judge**

The Defendant, Devon Horne, entered a guilty plea in this case on September 27, 2018, and was subsequently sentenced to forty-eight (48) months of imprisonment followed by six (6) years of supervised release. (ECF Nos. 34, 51.) On September 18, 2019, the Court received a letter from Mr. Horne, in which he asks the Court to amend his Presentence Investigation Report ("PSR"). (ECF No. 57.) Mr. Horne alleges that the PSR contains "false accusations" that he "did in fact car jack Tracey S." (*Id.*) Mr. Horne states that he has spoken with Jessica DeLano, the U.S. Probation Officer who prepared the PSR, who told him that she cannot amend it "without the Court's permission." (*Id.*) Mr. Horne alleges that the wording used in the PSR may prevent him from receiving programming necessary to make a successful transition into society, presumably referring to programs offered to inmates by the Bureau of Prisons. (*Id.*) The Court ordered counsel to file statements of position within fourteen (14) days, but no such statements were filed. (ECF No. 58.) Still, for the following reasons, the Court must deny Mr. Horne's request.

This Court, as is true of every federal court, is a court of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). It only has the powers authorized by

1

the Constitution and laws passed by Congress, and it may not expand those powers otherwise. *Id.* Consequently, when the Court receives a petition for judicial relief, like Mr. Horne's letter, it must have some source of authority and jurisdiction to grant it. Mr. Horne cites no such sources in his letter and the Court is unable to identify any.

There are five (5) potential sources of authority that *might* permit the Court to grant a similar motion to amend a PSR—Federal Rules of Criminal Procedure 32, 35, and 36, and 28 U.S.C. §§ 2241, 2255. The Court concludes none of them apply to this case.

## I. Rule 36

Under the Federal Rules of Criminal Procedure, a court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission. Fed. R. Crim. P. 36. The Court may do so on its own upon giving "any notice it considers appropriate." *Id.*; *see United States v. Sedlak*, No. 09-cr-79-1, 2018 WL 3056188, at *3 (M.D. Pa. June 20, 2019). A clerical error under Rule 36 "involves a failure to accurately record a statement or action by the court or one of the parties" and any error arising from an oversight or omission is corrected "to conform to the intention of the court or parties at the time the error was made, which may not be reflected in their recorded statements." *United States v. Bennett*, 423 F.3d 271, 277 n.4, 277–78 (3d Cir. 2005). The Third Circuit has recognized that Rule 36 applies to PSRs. *United States v. Gjeli*, 867 F.3d 418, 426 n.12 (3d Cir. 2017). However, Rule 36 does not permit a court to *substantively* modify a PSR. *See United States v. Patton*, 610 F. App'x 102, 104 (3d Cir. 2015) (citing *Bennett*, 423 F.3d at 278).

The district court in *United States v. Sedlak* corrected a clerical error in a prior sentencing order under Rule 36, because the order incorrectly stated that the defendant was required to register as a sex offender. *Sedlak*, 2018 WL 3056188, at *3. In the same case, the defendant also

2

asked the court to order the U.S. Probation Office to amend his PSR so that it would clearly reflect that his conviction did not subject him to sex offender registration requirements. *Id.* In concluding that it could not do so, the court stated, "Defendant cites no authority which would permit us to amend the PSR . . . and we have been unable to locate any." *Id.* at *5. If the PSR contained a clerical error, the court suggested it could have corrected it under Rule 36, but instead held that the requested change was "based on [the defendant's] current desire to use the PSR to assist him in not registering as a sex offender." *Id.*

In this case, there does not appear to be any clerical error or error arising from an oversight or omission, as defined in *Bennett*. 423 F.3d at 277–78. Upon a review of the PSR, it appears that Mr. Horne is referencing the criminal history section. (ECF No. 41, at 10.) More specifically, he is referring to the first entry in the adult criminal convictions section. (*Id.*) The relevant paragraph states in part:

> According to a criminal complaint that was prepared and filed by the Pittsburgh Police Department, on or about February 18, 2005, local authorities observed the defendant operating a vehicle that was reported as stolen. The defendant attempted to avoid apprehension by leading local authorities on a pursuit that ended with him being tased and taken into custody. . . . **The aforementioned vehicle belonged to Tracy [S.] and was reportedly taken in a car-jacking in the South Side of Pittsburgh, Pennsylvania.**

(*Id.* (emphasis added).) The PSR also lists the associated convictions as: (1) unauthorized use of a motor vehicle; (2) fleeing or attempting to elude police officer; (3) resisting arrest or other law enforcement; and (4) driving while operating privilege is suspended or revoked. (*Id.*) Therefore, the Court finds that the PSR does not state that, as Mr. Horne claims in his letter, he "in fact car jack[ed] Tracey S." (ECF No. 57.) While the PSR does state that Mr. Horne was observed driving a vehicle reported as stolen, and in the same paragraph mentions that the car was stolen via car-jacking, it does not directly accuse Mr. Horne of the car-jacking. In these circumstances,

3

Rule 36 does not allow the Court to grant Mr. Horne's request, unless he is able to show that this ambiguous statement regarding the car-jacking is a clerical error or oversight. He has not yet done so.

## II.     Rule 32

Rule 32 permits a court and the parties to challenge and amend a PSR. Rule 32(f) allows the parties to object to a PSR within fourteen (14) days of receipt, and Rule 32(i)(3) requires the court to rule on any such objection. Fed. R. Crim. P. 32(f), (i)(3). The District Court in *Sedlak* held, however, that those objections must be made *before* sentencing, not after. *Sedlak*, 2018 WL 3056188, at *5 (citing nonprecedential decisions from three courts of appeal). Because the defendant there failed to raise his objections prior to sentencing, the court held that Rule 32 would not permit it to amend his PSR. *Id.*

Several courts of appeal have held that, when an objection to a PSR is raised post-sentencing, the district court lacks jurisdiction to amend it under Rule 32.[1] *United States v. Ballard*, 512 F. App'x 152, 153 (3d Cir. 2013) (nonprecedential); *United States v. Warner*, 23 F.3d 287, 290–91 (10th Cir. 1994); *United States v. Giaimo*, 880 F.2d 1561, 1563 (2d Cir. 1989) ("Rule 32, standing alone, does not give a district court jurisdiction to correct inaccuracies in a PSI report after a defendant has been sentenced."); *United States v. Sarduy*, 838 F.2d 157, 158 (6th Cir. 1988) (citing *United States v. Fischer*, 821 F.2d 557 (11th Cir. 1987)) (dismissing the district court's jurisdiction under a previous version of Rule 32). Rather, a defendant may raise an alleged Rule 32 violation on *direct appeal*, not as a collateral attack after sentencing has taken place. *Sarduy*, 838 F.2d at 158. Thus, Rule 32 is also unavailable to Mr. Horne.

---

[1] These cases generally pertain to an older iteration of Rule 32. However, the Court concludes there is no substantive difference between the older version and the current version with respect to the issue presented here. At least one court of appeal appears to agree. *United States v. Fykes*, 733 F. App'x 950, 952 (10th Cir. 2018) (unreported) (stating that the predecessor version of Rule 32 did not empower a district court to decide a post-sentencing motion to amend a PSR and then concluding the same under the current rule).

4

## III. 28 U.S.C. § 2255 or Rule 35

Some courts have treated a post-sentencing motion to correct a PSR as a motion under 28 U.S.C. § 2255 to vacate, correct, or modify a sentence, or as a Rule 35 motion to correct or reduce a sentence. *See United States v. Leath*, 711 F.2d 119 (8th Cir. 1983) (addressing a motion to correct a PSR filed nearly four (4) years after sentencing). With respect to 28 U.S.C. § 2255, it does not appear that Mr. Horne is arguing that his sentence is invalid. Rather, it appears that he "only wanted to remove certain allegedly erroneous information from his presentence report." *Id.* at 120 (ruling on a very similar motion and concluding that the district court did not have jurisdiction under § 2255); *see also Ballard*, 512 F. App'x at 153. Thus, § 2255 is inapplicable.

With respect to Rule 35, any such motion must be made within fourteen (14) days of sentencing. Fed. R. Crim. P. 35(a). The Court received Mr. Horne's letter over nine (9) months after sentencing, and it is therefore untimely. For these reasons, neither 28 U.S.C. § 2255 nor Rule 35 provide this Court with the necessary authority and jurisdiction to amend the PSR.

## IV. 28 U.S.C. § 2241

Some courts of appeal, including the Third Circuit, have suggested that a 28 U.S.C. § 2241 petition *may* be the proper avenue for this type of relief. *See United States v. Smalling*, 644 F. App'x 3, 4–5 (2d Cir. 2016); *United States v. Bragg*, 619 F. App'x 532, 533 (7th Cir. 2015); *Ballard*, 512 F. App'x at 153; *United States v. McLaughlin*, 28 F.3d 1214 (6th Cir. 1994); *United States v. Fraser*, 688 F.2d 56, 57–58 (8th Cir. 1982). To come under § 2241, the Third Circuit has suggested that any such petition should provide sufficient detail to demonstrate that the adverse impacts—caused by alleged inaccuracies in the PSR—constitute "the execution of [the] sentence." *Ballard*, 512 F. App'x at 153. However, this Court does not have jurisdiction over any potential § 2241 petition by Mr. Horne, because those petitions must be filed in the

defendant's district of confinement. *Id.* Mr. Horne is confined in FCI-Cumberland in the District of Maryland.

**V.     Conclusion**

The Court concludes that it lacks jurisdiction to grant relief under 28 U.S.C. §§ 2241, 2255 and Rules 32 and 35. The Court additionally concludes that Rule 36 is inapplicable. For the foregoing reasons, Mr. Horne's letter, to the extent it may be construed as a motion is denied. This denial is without prejudice to Mr. Horne's ability to file a 28 U.S.C. § 2241 motion in the District of his confinement.

An appropriate Order will issue.

Mark R. Hornak
Chief United States District Judge

Dated: October 11, 2019

cc:   All counsel of record